IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**MARSHALL LOUIS RATLIFF,**             )
                                         )
            **Plaintiff,**               )
                                         )
v.                                       )       Civil Action No. 5:20-00619
                                         )
**CHAD LESTER,** *et al.*,               )
                                         )
            **Defendants.**              )

**PROPOSED FINDINGS AND RECOMMENDATION**

On September 21, 2020, Plaintiff filed his Applications to Proceed Without Prepayment of Fess or Costs and his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document Nos. 1 and 3.) In his Complaint, Plaintiff names the following as Defendants: (1) Sergeant Chad Lester; (2) Correctional Officer Powers; (3) Corporal Pack; and (4) Correctional Officer Pegulm. (Document No. 3.) Plaintiff alleges that when Correctional Officer ["CO"] Powers served a tray to Plaintiff around 10:00 a.m., CO Powers "became very rude." (Id., pp. 4 - 5.) Plaintiff alleges he and CO Powers "got into an argument" and "CO Powers came over and without warning, slammed [Plaintiff's] hands in the opening in Cell-20 in A-1." (Id.) Plaintiff states that CO Powers then "attempted to spray me through the door of my cell." (Id.) Plaintiff explains that at 10:50 a.m., Plaintiff called "A-tower to ask for an inmate PREA form to proceed with, and the tower laughed at me." (Id.) Plaintiff contends that Mr. Pegulm responded that it was "bullshit." (Id.) Plaintiff claims that around 11:20 to 11:23 a.m., he requested a PREA form from Sergeant

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Lester and Corporal Pack. (Id.) Plaintiff states that Corporal Pack responded "maybe." (Id.) Next, Plaintiff states that "I was sexually harassed by CO Powers and he's always looking at me wrong." (Id.) Finally, Plaintiff contends that the Correctional Officers "took" his recreation and phone privileges. (Id.) Plaintiff argues that he is entitled to one hour of recreation a day. (Id.) Plaintiff states that he is "required 1 hour of rec per day . . . that's state law and an inmate's right." (Id.) As relief, Plaintiff requests that the Court investigate the Southern Regional Jail concerning the "beating" of inmates, investigate the Inmate Handbook, and give Plaintiff his "rights as an inmate." (Id., p. 5.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. This screening is done prior to consideration of an Application to Proceed Without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when

it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

1. **Administrative Remedy Process:**

To the extent Plaintiff is alleging that Defendants violated his constitutional rights by rendering the administrative remedy process unavailable by denying forms, Plaintiff's claim is without merit. (Document No. 3.) Inmates, however, have no constitutional right to access or participation in the administrative grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir.), cert. denied, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1994)("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); Booker v. South Carolina Dept. of Corrections, 855 F.3d 533 (4th Cir. 2017)("*Adams* establishes a clear rule: inmates have no constitutional entitlement or due process interest in access to a grievance procedure."); Taylor v. Lang, 483 Fed.Appx. 855, 858 (4th Cir. 2012)(finding that a state inmate's access and participation in the prisoner's grievance process are not constitutionally protected); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)("[T]he federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative

grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.") A prison employee's refusal to respond to an inmate's administrative complaint, or conduct that otherwise prevents an inmate from pursuing such complaints through the administrative remedy process, making the process unavailable, is not actionable under Section 1983. Rather, the legal consequence of conduct which makes the administrative remedy process unavailable to inmates is that the door to federal Court is open to proceedings on the merits of their claims without requiring their exhaustion of administrative remedies. Accordingly, the undersigned finds that Plaintiff's claim that Defendants violated his constitutional rights by rendering the administrative remedy process unavailable should be dismissed for failure to state claim.

**2.     Verbal Abuse and Sexual Harassment:**

As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v.

Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety).

Plaintiff contends that Defendant Powers violated his constitutional rights by subjecting him to verbal abuse and sexual harassment. (Document No. 3.) First, Plaintiff complains that Defendant Powers was "rude" to him. (Id.) Second, Plaintiff concludes that Defendant Powers sexually harassed Plaintiff by "looking at me wrong." (Id.) Concerning Plaintiff's claim of sexual harassment, there is no factual allegation that Defendant Powers made any type of physical contact with Plaintiff.[2] At most, Plaintiff is alleging verbal harassment or sexual harassment. The verbal harassment or verbal abuse of an inmate by prison guards, without more, is insufficient to state a constitutional deprivation. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987); also see Lindsey v. O'Connor, 2009 WL 1316087, at * 1 (3rd Cir. (Pa.))(holding that "[v]erbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment"); Purcell v. Coughlin, 790

---

[2] W.Va. Code § 61-8B-3 provides that a "person is guilty of sexual assault in the first degree when: (1) The person engages in sexual intercourse or sexual intrusion with another person and, in so doing: (i) Inflicts serious bodily injury upon anyone; or (ii) Employs a deadly weapon in the commission of the act; or (2) The person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is younger than twelve years old and is not married to that person." W.Va. Code § 61-8B-4 provides that a "person is guilty of sexual assault in the second degree when: (1) Such person engages in sexual intercourse or sexual intrusion with another person without the person's consent, and the lack of consent results from forcible compulsions; or (2) Such person engages in sexual intercourse or sexual intrusion with another person who is physically helpless."

F.2d 263, 265 (2nd Cir. 1986)(stating that name-calling does not rise to the level of a constitutional violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)(finding that a sheriff's threats to hang a prisoner were insufficient to state a constitutional deprivation). Additionally, sexually harassment, absent contact or touching, is insufficient to state a constitutional claim. See Jackson v. Holley, 666 Fed.Appx. 242, 244 (4th Cir. 2016)(quoting Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)("[A]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessary extend to mere verbal sexual harassment"); Morales v. Mackalm, 278 F.2d 126, 132 (2nd Cir. 2002)(abrogated on other grounds)(allegations that a prison guard asked an inmate to have sex with her and to masturbate in front of her did not rise to the level of an Eighth Amendment violation); Barney v. Pulsipher, 143 F.3d 1299, 1311, n. 11 (10th Cir. 1986)(allegations that a jailer subjected females prisoners to severe verbal sexual harassment was not sufficient to state a claim under the Eighth Amendment); Howard v. Everett, 2000 WL 268493, * 1 (8th Cir. March 10, 2000)(sexual comments and gestures by prison guards did not constitute an Eighth Amendment violation); Murray v. United States Bureau of Prisons, 1997 WL 34677, * 3 (6th Cir. Jan. 28, 1997)(offensive remarks regarding a transsexual prisoner's body appearance and presumed sexual preference failed to state an Eighth Amendment claim); Wilder v. Payne, 2014 WL 6772265, *7-8(N.D.W.Va. Dec. 1, 2014)(finding that a prison guard's offensive and unprofessional sexual comments failed to state an Eighth Amendment claim). Based on the foregoing, the undersigned finds that Plaintiff's claim of verbal abuse and sexually harassment fails to state a cognizable claim under the Eighth Amendment for which relief can be granted.

3.   **Excessive Force:**

To the extent Plaintiff is alleging that Defendant Powers subjected him excessive force, the

undersigned finds that Plaintiff has stated a plausible claim and such should not be dismissed at this point in the proceedings. (Document No. 3.)

**4.    Recreation and Telephone Privileges:**

To the extent Plaintiff is alleging that Defendants violated his Eighth Amendment rights by taking his "one hour of recreation per day," the undersigned finds that Plaintiff has stated a plausible claim and such should not be dismissed at this point in the proceedings. To the extent Plaintiff is alleging that Defendants violated his Due Process rights taking his "right" to recreation and telephone privileges, the undersigned finds that Plaintiff has stated a plausible claim and such should not be dismissed at this point in the proceedings.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint as to the following: (1) Claim of a denial of the right to participate in the administrative remedy process; and (2) Claim of verbal abuse and sexual harassment; and **REFER** this matter back to the undersigned for further proceedings on Plaintiff's claim of (1) excessive force in violation of the Eighth Amendment; (2) lack of recreation in violation of the Eighth Amendment; and (3) the denial of recreation and telephone privileges in violation of the Fourteenth Amendment.[3]

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

---

[3] By separate Order entered this day, the undersigned has granted Plaintiff's Motion to Proceed Without Prepayment of Fees as to the following: (1) Plaintiff's claim of excessive force in violation of the Eighth Amendment; (2) Plaintiff's claim of the denial of recreation in violation of the Eighth Amendment; and (3) Plaintiff's claim of the denial of recreation and telephone privileges in violation of the Fourteenth Amendment.

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: January 29, 2021.



Omar J. Aboulhosn
United States Magistrate Judge